IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA PAIANI,

    Plaintiff,

-vs-

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 14-345

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 8, 10 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (Docket No. 7) and granting Defendant's Motion for Summary Judgment. (Docket No. 9).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed applications for benefits in January of 2011, alleging she had been disabled since June 5, 2008. (Docket Nos. 6-6, pp. 14, 23). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on August 29, 2012. (Docket No. 6-2, pp. 30-48). On November 30, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 6-2, pp 13-25).

After exhausting all administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.**  **Duty to Develop the Record**

Plaintiff argues that the ALJ erred in failing to develop the record. (ECF No. 8, pp. 14-19, No. 11, pp. 1-2). Specifically, Plaintiff asserts that the ALJ erred in failing to obtain legible treatment notes of Dr. Weaver-Graham, in failing to order a hearing examination to determine the extent of Plaintiff's hearing loss, and, in failing to develop the record with regard to Plaintiff's left foot surgery. *Id.* An ALJ has the duty to fully develop the record to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995). As set forth more fully below, I find the ALJ fully developed the record sufficiently to make a determination regarding Plaintiff's disability. Consequently, I find remand is not warranted on this basis.

### 1. Progress Notes of Dr. Weaver-Graham

Plaintiff asserts that remand is necessary because the ALJ relied on treatment records of Dr. Weaver-Graham that were illegible and thus the opinion is suspect. (ECF No. 8, pp. 14-17, No. 11, pp. 1-2). Therefore, Plaintiff submits that the case should be remanded for the ALJ to recontact Dr. Weaver-Graham "for interpretation or to obtain legible copies of the records." (ECF No. 8, p. 17). After a review of the record, I disagree.

While it is true that the ALJ stated that she "can barely read most of what (Dr. Weaver-Graham has) actually written," she did not state that she could not read the records or that they were illegible. (ECF No. 6-2, p. 42). Contrary to Plaintiff's interpretation, I interpret this statement to mean that while it was difficult to read the record, the ALJ could still read the record of Dr. Weaver-Graham. This is evidenced by the fact that the ALJ stated that she relied on "medical records" from Dr. Weaver-Graham and cites to the entirety of the exhibit. (ECF No. 6-2, p. 21). Furthermore, I note that Dr. Weaver-Graham interpreted her own records and provided a summary of the same and attached the summary to her records. (ECF No. 6-11, p. 2). Consequently, I find the ALJ was not required to recontact Dr. Weaver-Graham for an additional interpretation of her records or more easily readable version of the records. Thus, remand is not warranted on this basis.[1]

### 2. Ordering a Hearing Examination

Plaintiff submits that the ALJ erred in finding that Plaintiff has the severe impairment of right ear hearing loss but failed to order a consultative hearing examination "to quiet this issue" of the true extent of her hearing loss and how it has possibly eroded her occupational base. (ECF No. 8, pp. 17-19; No. 11, p. 3). As such, Plaintiff argues that remand is warranted to more fully develop the record. *Id.* I disagree.

---

[1] Plaintiff also argues that the ALJ erred in rejecting Dr. Bhat's treating physician opinion based on the "conflict" with Dr. Weaver-Graham's "illegible" records. (ECF No. 8, p. 17). Since I have found that the ALJ did not err in relying on Dr. Weaver-Grahams, this argument is moot.

The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See,* 20 C.F.R. §§404.1519(a), 416.919(a).

Based on the existing medical records in this case, I find the ALJ was not required to order a consultative examination. I find no reason that would have necessitated a consultative examination. There was no allegation or indication from Plaintiff or otherwise that her hearing caused her to be unable to work or eroded her occupational base. For example, the medical records indicate that her physical examinations were normal. (ECF No. 6-9, p. 4; No. 6-10, p. 30; No. 6-11, p. 17). Additionally, when questioned by the ALJ regarding her hearing loss, Plaintiff testified that, no matter what, she is able to understand people because even if she is having a "bad day" hearing-wise, she is able to read lips. (ECF No. 6-2, pp. 38-39). So if she could not hear an instruction and the person's back was facing her, she would tell them to turn around. *Id.* Based on the above, I find that ALJ was able to make a proper disability determination and was not required to obtain a consultative hearing examination. Thus, I find no error in this regard.

### 3. Plaintiff's Left Foot Surgery

Plaintiff also suggests that the ALJ erred in failing to develop the record with treatment records of Plaintiff's left foot surgery and its impact on Plaintiff's ability to work. (ECF No. 8, pp. 19-20). Specifically, Plaintiff asserts that the record does not contain any information on the surgery such as who performed the surgery, when it was performed, what precipitated the surgery

5

and if there were any lasting effects. *Id.* In response, Defendant states that "Plaintiff has not alleged, nor does the record show, that her scheduled surgery for partial removal of bone spurs on her toes was expected to result in functional limitations in her ability to stand or walk, or that any such limitation would meet the 12-month durational requirement under the regulations. See 20 C.F.R. §§404.1505, 416.905 (defining disability as an inability to work because an impairment that has lasted or is expected to last for at least 12 months)." (ECF No. 10, p. 14). I completely agree with Defendant. Simply because a person has a surgery does not mean that they are in any way disabled under the Act. Plaintiff did not allege, indicate, or testify in any way that there was a severe impairment to her left foot that lasted or was expected to last for at least 12 months. In fact, when asked by the ALJ, Plaintiff testified at the hearing that she had no difficulty standing, that she walks because she does not have a car. (ECF No. 6-2, pp. 37-38). Consequently, I find the ALJ did not err in failing to further develop the record with regard to her left foot surgery.

**C.      Substitution of ALJ's Opinion**

Plaintiff argues that the ALJ substituted her own opinion for the medical opinions of two consultative examiners, Drs. Wilson and Cohen, thereby leaving the ALJ's opinion unsupported by substantial evidence. (ECF No. 8, pp. 20-25). Again, I disagree. Substantial evidence has been defined by the Third Circuit as "relevant evidence [such that] a reasonable mind might accept as adequate to support a conclusion." *Dobrowolsky,* 606 F.2d at 406. In the event of conflicting medical evidence, the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). In the present case, I find the ALJ met this standard.

Plaintiff asserts that the ALJ erred in rejecting Dr. Wilson's opinion of Plaintiff's marked impairment in responding appropriately to work pressures and changes in a work setting. (ECF No. 8, pp. 21-22). The ALJ rejected this opinion because it was based on subjective allegations[2] rather than medical signs and laboratory findings and was internally inconsistent with her own mental examination, as well as the record as a whole. (ECF No. 6-2, p. 26). These are appropriate reasons for giving an opinion little weight. *Plummer,* 186 F.3d at 429; 20 C.F.R. § 404.1527 and § 416.927 (discussing the evaluation of medical opinions). Upon review of the record, I find the ALJ's opinion is supported by substantial evidence. *See,* ECF No. 6-9, pp. 5-12 (for internal inconsistency between treatment and assessment); ECF No. 6-2, pp. 32-44; ECF No. 6-7, pp. 58-66; ECF No. 6-9, pp. 13-29.

The ALJ also gave little weight to Dr. Cohen's opinion that Plaintiff is markedly impaired in areas of mental health functioning because it is inconsistent with the record, including Plaintiff's activities of daily living, as well as being internally inconsistent with his own mental status evaluation. (ECF No. 6-2, pp. 19-20). These are appropriate reasons for giving an opinion little

---

[2] "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted).

weight. *Plummer,* 186 F.3d at 429; 20 C.F.R. § 404.1527 and § 416.927 (discussing the evaluation of medical opinions). After a review of the record, I find there is substantial evidence of record to support this conclusion. *See,* ECF No. 6-9, pp. 39-46; No. 6-2, pp. 32-44; No. 6-7, pp. 58-66; ECF No. 6-9, pp. 13-29.

Additionally, an ALJ will give more weight to an opinion depending on the length of the relationship between the doctor and the plaintiff. 20 C.F.R. § 404.1527(d)(2)(i); *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993). This is not the situation, however, in this case. Drs. Cohen and Wilson were on only one time examiners. (ECF No. 6-9, pp. 5-12, 39-46).[3]

Based upon the record in this case, I find the ALJ did not err in weighing the medical opinions and other evidence of record. Moreover, I find the opinion of the ALJ is supported by substantial evidence. Therefore, remand on this basis is not warranted.

An appropriate order shall be entered.

---

[3] In a footnote, Plaintiff asserts the ALJ erred by failing to identify licensed social worker Ms. Bryce as an acceptable other source and considering her opinion. (ECF No. 8, p. 24, n. 2). After a review of the record, I disagree. The ALJ specifically stated, "[a]s claimant's therapist, Ms. Bryce remains a medical source, and so I have considered the progress notes pursuant to Social Security Ruling 06-3p." (ECF No. 6-2, p. 20). Consistent with the ALJ's statement, SSR 06-3p lists therapists and licensed clinical social workers as an "other source" rather than an acceptable medical source. As such, information from "other sources" such as Ms. Bryce cannot establish impairment, but can provide insight into the severity on the impairment and how it affects the individual's ability to function. *Id.* Based on the same, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA PAIANI                )
                               )
    Plaintiff,             )
                               )
-vs-                           )     Civil Action No. 14-345
                               )
CAROLYN W. COLVIN,             )
COMMISSIONER OF SOCIAL SECURITY,)
                               )
    Defendant.             )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 3rd day of September, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

                                  BY THE COURT:

                                  s/ Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge